# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| Isiah FISHER,<br><br>    Plaintiff,<br><br>v.<br><br>SPIRE MISSOURI, INC., *et al.*,<br><br>    Defendants. | Case No. 4:18-00869-NKL |

## ORDER

Pending before the Court is Plaintiff Isiah Fisher's motion to remand and request for fees, Doc. 14, and Fisher's conditional motion for leave to file an amended complaint, Doc. 19. For the following reasons, Fisher's motion to remand is granted, his request for fees is denied, and his conditional motion for leave is denied as moot.

**I.    Background**

Fisher has worked for Spire, Inc. since January 2017. He alleges that since day one, he has been subjected to a hostile, discriminatory and retaliatory working environment. Specifically, he claims that his supervisors have used racial epithets in reference to him, that he is denied training and interaction with management that is integral to an employee's success and advancement, and that he is subject to different standards than Caucasian employees. After filing a Charge of Discrimination with the Missouri Commission on Human Rights, Fisher brought suit against Spire Missouri, Inc. and Spire, Inc (collectively, Spire) in state court for violations of the Missouri Human Rights Act (MHRA). Spire removed the case, claiming that Section 301 of the Federal Labor Management Relations Act completely preempts Fisher's claims. Doc. 1. Fisher filed a motion to remand challenging the Court's subject matter jurisdiction. Doc. 14.

## II. Discussion

Federal courts are courts of limited jurisdiction. *Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009). Removal to federal court is only proper when the court would have had original jurisdiction had the action initially been filed there. *Krispin v. May Dep't Stores Co.*, 218 F.3d 919, 922 (8th Cir. 2000). Defendants, as the parties invoking the federal jurisdiction, must present facts supporting jurisdiction by a preponderance of the evidence. *Schubert v. Auto Owners Inc., Co.*, 649 F.3d 817, 822 (8th Cir. 2011). Any doubt about the propriety of federal jurisdiction must be resolved in favor of remand. *In re Business Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993).

### A. Federal Question Jurisdiction

"[D]istrict courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Typically, a claim only arises under federal law when "a federal question is presented on the face of [a] plaintiff's properly pleaded complaint[,]" but a corollary to the well-pleaded-complaint rule is the doctrine of complete preemption. *Boldt v. N. States Power Co.*, 904 F.3d 586, 590 (8th Cir. 2018). Under complete preemption, "any claim purportedly based on [a] preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987).

Section 301 of the Labor Management Relations Act completely preempts state law in order to ensure uniformity in federal labor law. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209–10 (1985). Section 301 preempts both "state-law contract actions . . . [and] . . . claims that are substantially dependent on analysis of a [collective bargaining agreement (CBA)]." *Williams v. Nat'l Football League*, 582 F.3d 863, 874 (8th Cir. 2009) (citations and quotation marks

omitted). In other words, federal jurisdiction exists if a CBA "actually sets forth the right upon which the claim is based," *id.*, or "[t]he elements of [the] state-law claim are . . . 'inextricably intertwined with consideration of the terms of the labor contract.'" *Bogan v. Gen. Motors Corp.*, 500 F.3d 828, 833 (8th Cir. 2007) (citation omitted).

"Of course, not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301." *Allis-Chalmers Corp.*, 471 U.S. at 211. For example, "the bare fact that a [CBA] will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished," *Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994), and "[p]urely factual questions about an employee's conduct or an employer's conduct and motives do not require a court to interpret any term of a [CBA]." *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1244 (8th Cir. 1995) (citation and quotation marks omitted). Further, Section 301 does not preempt claims which pertain to "nonnegotiable rights conferred on individual employees as a matter of state law." *Markham v. Wertin*, 861 F.3d 748, 755 (8th Cir. 2017).

"The proper starting point for determining whether interpretation of a CBA is required in order to resolve a particular state law claim is an examination of the claim itself." *Trs. of Twin City Bricklayers Fringe Ben. Funds v. Superior Waterproofing, Inc.*, 450 F.3d 324, 331 (8th Cir. 2006). Fisher's claims assert violation of state anti-discrimination law, not violation of a right set forth in the CBA. Thus, Fisher's claims are preempted only if the elements of his claims are "inextricably intertwined" with the CBA.

Fisher alleges hostile work environment in Count I, and that his discriminatory treatment limited his employment opportunities in Count II.[1] A hostile work environment claim requires

---

[1] Fisher also alleges that Spire aided and abetted violations of MHRA in Count III. Spire does not

proof that "(1) the plaintiff is a member of a group protected by the MHRA; (2) the plaintiff was subjected to unwelcome protected group harassment; (3) the plaintiff's membership in the protected group was a contributing factor in the harassment; and (4) . . . [the harassment was] sufficiently severe or pervasive enough to alter the conditions of [plaintiff's] employment and create an abusive working environment." *Bram v. AT&T Mobility Servs., LLC*, No. WD 81538, 2018 WL 6611594, at *7 (Mo. Ct. App. Dec. 18, 2018). A "discrimination claim has three elements: (1) [plaintiff] suffered an adverse employment action; (2) [plaintiff's] race was a contributing factor; and (3) [plaintiff] was damaged as a result." *Id* at *5.

Spire argues that Fisher's claims implicate the portions of the CBA related to job training, bidding for positions, and probation. Spire has not, however, shown which legal element of Fisher's claims requires a court to interpret the CBA. Instead, Spire highlights the following factual allegations in Fisher's petition: other employees told Fisher that few African-Americans "actually make[] it through training" and that foremen consistently denied minority employees on-the-job training; that foremen reminded Fisher that they could disqualify him from jobs and stated to others that they "intended to disqualify him from any and every job he bid on;" and that foremen lengthened Fisher's probationary period. Doc. 1-2 (Petition), ¶¶ 18–20, 23–24, 33. These "purely factual" allegations concerning "the conduct of the parties and their motivation" do not substantially depend on or require interpretation of the terms of the CBA. *Humphrey*, 58 F.3d. at 1244.

To the extent that the CBA provides alternative, non-discriminatory explanations for Fisher's training, bidding and probation period, the CBA provides Spire with a defense. "The

---

argue that Count III requires any analysis of the CBA. Accordingly, the Court does not address this claim.

presence of a federal question, even a § 301 question, in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule." *Caterpillar*, 482 U.S. at 398. Thus, "[t]he fact . . . that there [may be] 'just cause' under the terms of the CBA for the [treatment] plaintiff received[] does not create a basis for § 301 preemption." *Humphrey*, 58 F.3d at 1244 (citing *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 408–10 (1988)).

Spire argues that under the *McDonnel Douglas* burden-shifting analysis, Fisher must show that he is qualified for the position sought, which requires analysis of the CBA. However, the *McDonnell Douglas* framework, used to prove discriminatory motive circumstantially, does not apply to cases based on direct evidence of discriminatory intent. Mo. Rev. Stat. § 213.101.3 (incorporating "the burden-shifting analysis of *McDonnell Douglas* . . . in cases not involving direct evidence of discrimination"); *see also Hilde v. City of Eveleth*, 777 F.3d 998, 1003 (8th Cir. 2015) ("By identifying direct evidence of discriminatory motive, a plaintiff . . . forego[es] the *McDonnell Douglas* analysis."). The very case on which Spire relies only applies the *McDonnell Douglas* framework after noting that "there is no direct evidence of discriminatory intent." *Boldt*, 904 F.3d at 591.

Fisher, on the other hand, presents direct evidence of discriminatory motive. Fisher states that the Human Resources Manager is "known to say things like, 'I don't like blacks,'" Doc.1-2 (Petition), ¶ 13, that numerous employees have told Fisher "you won't keep your job because you are black," *id.* at ¶ 18, and that multiple foreman have referred to Fisher using a racial epithet, *id.* at ¶¶ 21, 23. Fisher also points to comments made by various foremen that incorporate racial stereotypes to show racial animus. *See id.* at ¶¶ 21–22. These allegations aim to prove racial animus directly, making the elements under the *McDonnel-Douglas* framework inapplicable.

Since Fisher's claims are not based on rights conferred by or substantially dependent on the CBA, Section 301 does not completely preempt Fisher's claims. Therefore, the Court lacks jurisdiction and the motion to remand must be granted.

### B. Attorneys' Fees

Fisher requests an award of fees and costs associated with the filing of his motion to remand. A district court may require a removing party to pay "just costs and any actual expenses, including attorney fees, incurred as a result of removal" in an order to remand. 28 U.S.C. § 1447(c). However, absent unusual circumstances, an award is appropriate "only where the removing party lacked an objectively reasonable basis for seeking removal. . . . [W]hen an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, Spire's argument for preemption under Section 301 of the LMRA was objectively reasonable. Therefore, Fisher's request for costs and fees is denied.

### III. Conclusion

For the foregoing reasons, Fisher's motion to remand, Doc. 14, is granted, but his request for fees and costs is denied. Additionally, Fisher's conditional motion for leave to file an amended complaint, Doc. 19, is denied as moot.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: <u>February 26, 2019</u>
Jefferson City, Missouri